**Shaune PATTERSON, Plaintiff–Appellant,**

v.

**APPLE COMPUTER, INC., Dan Walker, Sheri Parker, Steve Burmeister, and Does 1–50, Defendants–Appellees.**

No. 05–17013.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2007 *.

Filed Nov. 28, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Waukeen Q. Mccoy, Esq., San Francisco, CA, for Plaintiff–Appellant.

Jessica Perry, Esq., Orrick Herrington & Sutcliffe, LLP, Menlo Park, CA, for Defendants–Appellees.

Before: ROTH **, THOMAS and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Shaune Patterson appeals the district court's grant of summary judgment dismissing her claims and its imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Patterson brought suit against defendants Apple Computer, Inc., Steve Burmeister, Dan Walker, and Sheri Parker, alleging racial

R.App. P. 34(a)(2).

** The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

discrimination, sexual orientation discrimination, and impermissible retaliation, among other theories of liability. The district court granted summary judgment against Patterson on all of her claims. In addition, the district court imposed Rule 11 sanctions for Patterson's continuation of the suit against Walker after it had become clear that Walker had not done anything that could lead to liability to Patterson. For the reasons given below, we affirm.

Patterson alleged fourteen causes of action at the district court level. She appeals the grant of summary judgment only as to the retaliation[1], sexual orientation discrimination[2] and racial discrimination[3] claims against Apple, and the retaliation claims[4] against Burmeister, Parker and Walker, along with the imposition of Rule 11 sanctions.

Because we write primarily for the parties, we will only briefly revisit the facts here. This case centers around a dispute that began when Patterson was denied a raise in November of 2003. Following the denial, Patterson sent her supervisor and her supervisor's boss an email containing the names and salaries of those she considered her peers. The email also stated that she had discussed her complaint with people outside of Apple. When Apple investigated, she disclosed that she had forwarded the email to her attorney, her brother and her therapist. Apple suspended Patterson with pay while it investigated the incident. The investigation was completed on December 15, 2003, and she was reinstated at that time. On March 5, 2004, she was terminated as part of a general reduction in force.

A district court's grant of summary judgment is reviewed de novo. *Covey v. Hollydale Mobilehome Estates,* 116 F.3d 830, 834 (9th Cir.1997). The reviewing court must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir.1997).

*Retaliation and Discrimination Claims*

Patterson's retaliation and discrimination claims are both analyzed under the framework laid out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Patterson is required to make out a prima facie case, which defendants can rebut by presenting a legitimate, nondiscriminatory motive for the employment action. *Id.* at 802–03, 93 S.Ct. 1817. Patterson then must respond by showing that the alleged nondiscriminatory motive is only a pretext for impermissible motives. *Id.* at 804, 93 S.Ct. 1817.

Patterson complains of her suspension, her changed job responsibilities following the suspension, her pay level, the refusal to grant her a raise, and her termination. Even assuming that Patterson could establish a prima facie case on her retaliation or race discrimination claims for the suspension, denial of the raise, or termination, defendants have established a legitimate, nondiscriminatory reason for these actions.

■ Moreover, plaintiff has alleged that her job responsibilities changed after she engaged in protected activity. Under the FEHA, plaintiff's allegation does not rise to the level of an actionable adverse employment action because she has failed to

1. Pursuant to the Fair Employment and Housing Act (FEHA), California Government Code § 12900, *et seq.*

2. Pursuant to FEHA.

3. Pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*

4. Pursuant to FEHA.

establish "a substantial adverse change in the terms and conditions of [her] employment." *Akers v. County of San Diego,* 95 Cal.App.4th 1441, 1455, 116 Cal.Rptr.2d 602 (2002); *see Yanowitz v. L'Oreal USA, Inc.,* 36 Cal.4th 1028, 1050–51, 32 Cal. Rptr.3d 436, 116 P.3d 1123 (2005).

 Patterson's argument that comments made by Burmeister constituted direct evidence of racial animus is unpersuasive. Stray comments are insufficient to establish discrimination. *Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1438 (9th Cir.1990). Burmeister's remarks, while in poor taste, had absolutely nothing to do with workplace decision making. In any event, Patterson conceded in her deposition that she did not believe he was acting out of his own personal racial animus.

*Rule 11  Sanctions*

The district court did not abuse its discretion in imposing Rule 11 sanctions on Patterson and her counsel, based on plaintiff's allegations against Walker. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Patterson asserted claims against Walker for retaliation, harassment, slander, defamation, and invasion of privacy. None of her claims were supported by direct evidence, and several of them were directly contradicted by her own testimony.

Where a complaint is the focus of Rule 11 proceedings, a district court must find both that the complaint is legally or factually baseless from an objective perspective and that the attorney has not conducted a reasonable and competent inquiry before signing and filing the complaint. *Holgate v. Baldwin,* 425 F.3d 671, 676 (9th Cir. 2005). Both the "baseless" and "reasonable inquiry" determinations are governed by an objective reasonableness standard.

*In re Keegan Mgmt. Co., Sec. Litig.,* 78 F.3d 431, 434 (9th Cir.1996).

Patterson's own deposition testimony directly contradicted her claims of harassment, slander, and libel. She did not state any factual or legal basis for the retaliation claim against Walker and stated no facts supporting her invasion of privacy claim. Throughout the proceedings, Apple and Walker repeatedly put Patterson on notice that her claims against Walker were frivolous. The imposition of Rule 11 sanctions in this situation was not an abuse of discretion by the district court.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.